IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:24-cv-03553

LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,

    Plaintiff,

v.

ROBERT RIHEL and NICHOLAS RITTER,

    Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Liberty Mutual Personal Insurance Company ("Plaintiff"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for its Complaint against Defendants Robert Rihel and Nicholas Ritter (collectively, the "Defendants"), alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Liberty Mutual Personal Insurance Company is a Massachusetts corporation that maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2. Defendant Robert Rihel is a Colorado citizen who resides at 1575 S. Fenton St., Lakewood, Colorado 80232-7005.

3. Defendant Nicholas Ritter is a Colorado citizen who resides at 2065 S. Cherokee St., #340, Denver, Colorado 80223.

      4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

      5.      There exists diversity of citizenship between and among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

      6.      Declaratory relief is authorized and appropriate in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

      7.      An actual, justiciable controversy exists between the parties regarding the coverage afforded under an insurance policy issued by Plaintiff, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations.

      8.      Venue is proper under 28 U.S.C. 1391(a)(2) because a substantial part of the events giving rise to this controversy occurred in the State of Colorado.

## **GENERAL ALLEGATIONS**

**A.**      **The Insurance Policy At Issue**

      9.      Plaintiff issued an automobile insurance policy to Defendant Robert Rihel, policy no. AOV-291-892200-70, effective July 6, 2023 through July 6, 2024 (the "Policy") that provided bodily injury liability limits of $100,000 Each Person. *See* Policy, attached hereto as **Exhibit A**.

      10.      The Policy contains the following relevant terms and conditions applicable to the liability coverage afforded under the Policy:

> **PART A – LIABILITY COVERAGE**
> **INSURING AGREEMENT**
>
> **A.**    We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when

> our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.
>
> * * *

*See* Policy, AUTO 3615 Ed. 6-98, p. 2 of 13, attached as **Exhibit A**.

11. The Policy contains the following exclusion applicable to the liability coverage:

> **EXCLUSIONS**
>
> **A.** We do not provide Liability Coverage for any "insured":
>
> * * *
>
> **10.a.** For punitive or exemplary damages.
>
> * * *

*See* Policy, Amendment of Policy Provisions – Colorado, AS 3634 05 16, p. 1 of 4, attached as **Exhibit A** (the "Punitive Damages Exclusion").

12. The Policy contains the following Supplementary Payments provision:

> **SUPPLEMENTARY PAYMENTS**
> In addition to our limit of liability, we will pay on behalf of an "insured":
>
> **1.** Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.
> **2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.
> **3.** Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgement which does not exceed our limit of liability for this coverage.
> **4.** Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
> **5.** Other reasonable expenses incurred at our request.
>
> * * *

*See* Policy, AUTO 3615 Ed. 6-98, p. 2 of 13, attached as **Exhibit A**.

**B.** **The Accident, Criminal Action, and Underlying Civil Litigation**

13. On August 26, 2023, Defendant Robert Rihel was driving a 2017 Chevrolet Silverado eastbound on U.S. Highway 40 when he rear-ended a 2023 Yamaha XSR 900 motorcycle being operated by Defendant Nicholas Ritter (the "Accident").

14. At the time of the Accident, Defendant Robert Rihel was driving while intoxicated and his BAC was at least 0.183, more than double the legal limit of 0.08.

15. Defendant Robert Rihel was arrested and charged with violations of the following three Colorado statutes: (1) C.R.S. § 42-4-1301(1)(a) – Driving Under The Influence with 3+ Priors; (2) C.R.S. § 42-4-1402(1),(2)(b) – Careless Driving Resulting in Injury; and (3) C.R.S. § 18-12-106(1)(d) – Weapon – Prohibited Use – Drunk w/Gun.  *See* August 22, 2024 Sentence Order in *People of the State of Colorado v. Robert Alan Rihel,* 2023CR106, District Court, Grand County, State of Colorado (the "Criminal Action").

16. On April 25, 2024, in the Criminal Action, Defendant Robert Rihel entered a plea of guilty to the felony charge of Driving Under The Influence – Fourth or Subsequent Offense, C.R.S. § 42-4-1301(1)(a).  *See* Plea Agreement in *People of the State of Colorado v. Robert Alan Rihel,* 2023CR106, District Court, Grand County, State of Colorado.

17. On February 6, 2024, Defendant Nicholas Ritter sued Defendant Robert Rihel in a civil lawsuit for injuries and damages sustained in the Accident, in an action styled *Nicholas Ritter v. Robert Rihel*, 2024CV30270, District Court, Jefferson County, State of Colorado (the "Underlying Civil Litigation").

18. In his Amended Complaint filed in the Underlying Civil Litigation, Defendant Nicholas Ritter alleged claims for relief against Defendant Robert Rihel for negligence, negligence per se, and exemplary damages.  *See* July 19, 2024 Amended Complaint in *Nicholas Ritter v. Robert Rihel*, 2024CV30270, District Court, Jefferson County, State of Colorado.

19. Plaintiff extended a defense to Defendant Robert Rihel in the Underlying Civil Litigation, subject to the terms, conditions and exclusions of the Policy.

- 4 -

127007445.1

20. In December 2024, the Underlying Civil Litigation proceeded to trial, and on December 13, 2024, the jury rendered a verdict in favor of Defendant Nicholas Ritter and against Defendant Robert Rihel for non-economic damages of $125,000, economic damages of $82,853.59, and punitive damages of $500,000.

21. On December 19, 2024, Plaintiff issued payment to Defendant Nicholas Ritter and his counsel of the bodily injury liability limit under the Policy in the amount of $100,000, as well as post-judgment interest under the Supplementary Payments provision of the Policy, in partial satisfaction of the anticipated judgment to be entered in the Underlying Civil Litigation.

**C.     No Further Indemnification is Owed by Plaintiff in the Underlying Civil Litigation**

22. The bodily injury liability limit of $100,000 under the Policy has been paid by Plaintiff.

23. All amounts due and owing under the Supplementary Payments provision of the Policy have been paid.

24. The award of punitive damages against Defendant Robert Rihel in the Underlying Litigation is excluded from coverage by the Punitive Damages Exclusion set forth in the Policy.

25. As a matter of Colorado public policy, no insurance coverage for punitive damages is available. *See Lira v. Shelter Insurance Co.*, 913 P.2d 514, 517 (Colo. 1996) ("The public policy of Colorado prohibits an insurance carrier from providing insurance coverage for punitive damages.").

26. Pursuant to 28 U.S.C. 2201, *et seq*. and Fed. R. Civ. P. 57, Plaintiff is entitled to a judicial declaration from this Court declaring that no further indemnification is afforded under

the terms and conditions of the Policy for any judgment rendered against Defendant Robert Rihel in the Underlying Civil Litigation.

## **FIRST CLAIM FOR RELIEF**
### (Declaratory Judgment)

27. Plaintiff incorporates the allegations set forth above in paragraphs 1 through 26 as if fully set forth at length herein.

28. The rights, status, obligations and other legal relations of Plaintiff and the Defendants are affected by the terms and conditions of the Policy and the determination of whether any further indemnification exists under the Policy for any judgment rendered in the Underlying Civil Litigation.

29. Pursuant to 28 U.S.C. 2201, *et seq*. and Fed. R. Civ. P. 57, Plaintiff is entitled to a declaratory judgment from this Court as follows:

- (A) that the Policy does not afford any further indemnification, beyond those amounts paid by Plaintiff, with regard to any judgment rendered in the Underlying Civil Litigation;

- (B) that no coverage is afforded under the Policy for any judgment in excess of the bodily injury liability limits of $100,000 paid by Plaintiff;

- (C) that no coverage is afforded under the Policy for any judgment of punitive damages entered against Defendant Robert Rihel in the Underlying Civil Litigation; and

- (D) that Plaintiff owes no indemnification under the Policy for any other and further amounts claimed to be due in the Underlying Civil Litigation.

127007445.1

WHEREFORE, Plaintiff Liberty Mutual Personal Insurance Company respectfully requests that this Court enter a declaratory judgment against Defendants declaring the following:

(A) that the Policy does not afford any further indemnification, beyond those amounts paid by Plaintiff, with regard to any judgment rendered against Defendant Robert Rihel in the Underlying Civil Litigation;

(B) that no coverage is afforded under the Policy for any judgment in excess of the bodily injury liability limits of $100,000 paid by Plaintiff;

(C) that no coverage is afforded under the Policy for any judgment of punitive damages entered against Defendant Robert Rihel in the Underlying Civil Litigation;

(D) that Plaintiff owes no indemnification under the Policy for any other and further amounts claimed to be due in the Underlying Civil Litigation; and

(E) for such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of December, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Brian J. Spano*
Brian J. Spano, Esq.
Holly C. White, Esq.
1601 19th Street, Suite 1000
Denver, Colorado 80202
(303) 623-9000
bspano@lewisroca.com
hwhite@lewisroca.com

*Attorneys for Plaintiff*
*Liberty Mutual Personal Insurance Company*